FILED

13 APR 25 PM 2:58

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:

**MARLIN & SALTZMAN, LLP**
Louis M. Marlin, Esq. (SBN 54053)
Kristen Marquis Fritz, Esq. (SBN 268326)
3200 El Camino Real, Suite 100
Irvine, California 92602
(714) 669-4900; Fax (714) 669-4750
louis.marlin@marlinsaltzman.com
kfritz@marlinsaltzman.com

**THE CIFARELLI LAW FIRM, LLP**
Thomas A. Cifarelli, Esq. (SBN: 161815)
7700 Irvine Center Dr., Suite 150
Irvine, California 92618
(949) 502-8600; Fax: (949) 502-8603
tomc@cifarellilaw.com

Attorneys for Plaintiff TERRANCE D. RUTHERFORD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERRANCE D. RUTHERFORD, individually and on behalf of other similarly situated individuals, Plaintiff, | CASE NO. CV13-02934 DSF(JEMx) |
| vs. | **CLASS ACTION (FRCP 23)** |
| FIA CARD SERVICES, N. A. (Bank of America), ALASKA AIRLINES, INC. and HORIZON AIR INDUSTRIES, INC., Defendants. | **COMPLAINT AND JURY DEMAND** |

Plaintiff, TERRANCE D. RUTHERFORD, on his own behalf and on behalf of all similarly situated persons, alleges as follows:

## INTRODUCTORY FACTUAL ALLEGATIONS

1. This matter is brought as a class action, pursuant to Federal Rules of Civil Procedure Rule 23, by Plaintiff, on behalf of a Class which is comprised of all employees of Alaska Airlines and Horizon Airlines in the United States who have

participated, or are currently participating, in the Alaska Airlines Credit Card Incentive Program ("Incentive Program") during the Class Period.

2. In this case, Plaintiff seeks relief for himself and the Class, under common law, to remedy Defendants' failure to account to Plaintiff and Class members, for an accounting, a book account, and for the reasonable value of services rendered to Defendants as a result of Plaintiff's and Class members' participation in the Incentive Program.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d)(2). The matter in controversy exceeds $5 million dollars and there is diversity of citizenship, as Defendants are organized under the laws of the states of Alaska, Washington and Delaware, have their principal places of business in Washington and Delaware, and Plaintiff is a citizen of the State of California.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(3) and (c) in that Defendants are subject to personal jurisdiction in this district at the time this action was commenced.

## THE PARTIES

5. Plaintiff, Terrance D. Rutherford, resides in Los Angeles County, California. Plaintiff has been employed by Alaska Airlines since October 14, 1997. Plaintiff began participating in the Incentive Program in or about March, 2005 and has participated in the Incentive Program since that time. At the time of the filing of this action, Plaintiff is participating in the Incentive Program. Plaintiff is a member of the Class he seeks to represent.

6. Defendant FIA Card Services, N. A. ("Bank of America") is a corporation organized under the laws of the state of Delaware and has its principal place of business in Delaware. FIA Card Services, N. A. is the legal entity that includes Bank of America's credit card operations. On January 1, 2006, MBNA merged with and into Bank of America, becoming a wholly-owned subsidiary of Bank of America

called MBNA America Bank, N. A., and on June 10, 2006, this entity changed its name to FIA Card Services, N. A. On October 20, 2006, Bank of America N. A. (USA), a subsidiary of Bank of America Corp., merged with and into FIA Card Services, N. A. In Canada and Europe, the MBNA name is retained.

7. Defendant Alaska Airlines, Inc. ("Alaska Airlines") is a corporation organized under the laws of the state of Alaska and has its principal place of business in the state of Washington.

8. Defendant Horizon Air Industries, Inc. ("Horizon Airlines") is a corporation organized under the laws of the state of Washington and has its principal place of business in the state of Washington.

9. Defendant Alaska Airlines, Inc. and Defendant Horizon Air Industries, Inc. are herein jointly referred to as "the airlines."

10. Defendant FIA Card Services, N. A., Defendant Alaska Airlines, Inc., and Defendant Horizon Air Industries, Inc., are herein jointly referred to as "Defendants."

11. Defendants were, at all times, doing business in numerous states throughout the United States, including California, have various business locations in the State of California, and serve numerous customers in the State of California.

## FACTUAL ALLEGATIONS

## THE UNDERLYING CONTRACT BETWEEN THE AIRLINES AND BANK OF AMERICA CONCERNING THE INCENTIVE PROGRAM

12. The airlines and Bank of America entered into a written, bilateral contract for the purpose of obtaining new customer accounts for both the airlines and Bank of America, hereinafter referred to as "the Underlying Contract."

13. The Underlying Contract resulted in a marketing partnership between the airlines and Bank of America whereby Bank of America issues "Alaska Airlines" branded Visa and MasterCard credit cards in the United States and Canada.

14. Holders of these credit cards earn airline mileage by flying on Alaska Airlines or Horizon Airlines, as well as other participating airlines, by using the credit card for purchases.

15. Plaintiff is informed and believes that, in or about 2004, pursuant to the Underlying Contract, the airlines and Bank of America agreed that airline employees would be tasked with marketing Alaska Airlines-branded credit cards to consumers.

16. As a result, the airlines and Bank of America devised what is known as the Alaska Airlines Employee Credit Card Incentive Program, ("the Incentive Program.")

17. The airlines agreed to facilitate the exchange of information between Bank of America and airline employees, and would provide training related to the Incentive Program.

18. Pursuant to the Underlying Contract, the airlines and Bank of America agreed that airline employees would be paid for their participation in the Incentive Program by Bank of America direct depositing payments into employees' bank accounts along with their airline wages. In addition, the airlines agreed to list Incentive Program payments on employees' wage statements.

**THE INCENTIVE PROGRAM**

19. On behalf of itself and the airlines, and pursuant to the Underlying Contract, Bank of America offered to pay Plaintiff and members of the Class certain sums if they submitted credit card applications from consumers to Bank of America.

20. Specifically, airline employees were/are offered a sum certain for each "approved" credit card application that is submitted to Bank of America and, during various times, are also offered a sum certain for each "processed" credit card application that is submitted to Bank of America, regardless of whether the application is ultimately approved. "Processed" applications are those which contain sufficient customer information to facilitate an "accept" or "decline" decision.

21. To participate in the Incentive Program, airline employees distributed pre-printed credit card applications (provided by the airlines to their employees) to third parties (including, but not limited to, the airlines' customers). The applications contain a space for the name and employee identification number of the Alaska Airlines or Horizon Airlines employee who provided the application to the customer. *See, e.g.*, Exhibit 1 (sample Visa Application) and Exhibit 2 (sample MasterCard application).

22. Plaintiff and Class members provided services to Defendants by obtaining completed applications which were ultimately conveyed to Bank of America for review and processing.

23. The reasonable value of the services rendered by Plaintiff and Class members to Defendants is unknown at this time and Plaintiff and Class members will pray leave to amend this complaint to allege the sum due when it has been ascertained.

24. All employees of Alaska Airlines and Horizon Airlines are eligible to participate in the Incentive Program.

25. Several thousand employees participate in the program.

**THE AIRLINES' ROLE IN ADVISING, TRAINING AND INCENTIVIZING EMPLOYEES REGARDING IN THE INCENTIVE PROGRAM**

26. The terms and conditions of the Incentive Program were, and are, presented to Alaska Airlines and Horizon Airlines employees by the airlines, on behalf of themselves and Bank of America, through various means including web, email, and flyers.

27. The airlines presented Bank of America's request that Plaintiff and Class members perform services for the benefit of all Defendants.

28. In 2011, the airlines provided employees with an online training module entitled "Alaska Airlines Visa Signature Card Training." This training noted that employees will "[r]eceive additional incentives and income, just for helping us acquire customers," and that "Alaska Airlines as a whole benefits form the additional revenue

and customer loyalty the card provides." The training also advised employees on "how to position the Alaska Airlines Visa Signature features and benefits to your customers" and provided "best practices and selling tips," including "overcoming customer objections to apply."

29. In its 2011 online training module, the airlines advised employees that they "want[] to make sure that you are well compensated for helping us grow the Alaska Airlines Visa Signature program."

**THE AIRLINES AND BANK OF AMERICA BENEFIT SIGNIFICANTLY FROM THE INCENTIVE PROGRAM**

30. The airlines are paid by Bank of America for the miles they credit to cardholders' mileage plan accounts.

31. The airlines have also acknowledged that the Incentive Program provides each with other benefits as well, including new customers and increased customer loyalty.

32. In 2009, over $300 million dollars was paid to Alaska Airlines as a result of this credit card partnership.

33. The credit card partnership brought in over $300 million to the airlines in 2010.

34. In the last four months of 2010, employee participation in the Incentive Program increased 26% which resulted in nearly a 350% increase in new Alaska Airlines credit card accounts for Bank of America and partnership dollars for the airlines.

35. The Incentive Program brought in over $325 million dollars to the airlines in 2011.

36. By 2012, nearly 40% of all new Alaska Airlines-branded credit card accounts were obtained as a result of the Incentive Program.

37. Bank of America receives new customers and substantial revenue as a result of the Incentive Program.

**PAYMENTS ARE DUE TO PLAINTIFF AND CLASS MEMBERS**

38. Upon information and belief, Plaintiff and Class members are not paid for all "processed" and/or approved applications they have submitted to Bank of America or for all cash bonuses to which they are entitled.

39. Plaintiff has regularly submitted applications to Bank of America. However, he does not believe that all payments relating to processed and/or approved applications have been paid to him.

40. Plaintiff is informed and believes that Class members are also similarly not being compensated for all "processed" and/or approved applications pursuant to the terms of the Incentive Program.

41. Upon information and belief, Plaintiff's and Class members' airlines wage statements do not reflect all sums that they are owed under the Incentive Program.

42. Upon information and belief, Bank of America's failure to pay all sums owed for services rendered by Plaintiff and the Class members has occurred since before the beginning of the Class Period and is continuing.

**THE AIRLINES AND BANK OF AMERICA HAVE FAILED TO PROPERLY ACCOUNT TO PLAINTIFF AND CLASS MEMBERS**

43. Neither the airlines nor Bank of America provides Plaintiff or Class members with any accounting of the number of applications that have been submitted by Plaintiff and Class members, those that Bank of America considers "processed," and/or those that it approves.

44. Plaintiff and other Class members have requested accountings from both the airlines and Bank of America and their requests have been denied with no reason given.

45. In addition, Plaintiff and Class members are expressly advised that "to protect applicant privacy, you cannot receive information on which applications were approved." *See*, Exhibit 3 (Alaska Airlines Credit Card Employee Incentive Program Overview).

46. However, it is clear that Bank of America is able to create reports regarding the applications submitted by each employee, and whether those applications were determined to be "processed" or "approved," and, in fact, does so in connection with the payments made to participants. *See*, Exhibit 3. The airlines also receive such data as they are able to determine which participants qualify for prizes and drawings based on the number of applications that are "processed" or "approved."

47. In fact, in the past, Plaintiff and Class members received monthly emails that detailed the number of applications received, those that were processed, approved, any bonus amounts that were earned, as well as a monthly total amount that would be paid to the employee under the Incentive Program.

## CLASS ACTION ALLEGATIONS

48. Plaintiff brings this action as a class action on behalf of the following defined Class:

> All employees of Alaska Airlines and Horizon Airlines in the United States who have participated, or currently are participating, in the Incentive Program during the Class Period.

49. "Class Period" is defined as four years prior to the filing of this Complaint through the date that judgment is entered, based upon information and belief that the conduct described herein is continuing. Plaintiff herein reserves the right to amend this Complaint to reflect a different Class Period as discovery in this matter proceeds.

50. Numerosity: As of the end of 2010, Alaska Airlines had 9,013 full and part time employees and Horizon Airlines had 3,026 full and part time employees. Without knowing the exact number, Plaintiff is informed and believes, and on that basis alleges, that during the Class Period, thousands of Alaska Airlines and Horizon Airlines employees in the United States have participated, or are currently participating, in the Incentive Program. As such, the members of the Class are so numerous that joinder of all members is impossible and/or impracticable.

51. Commonality: Common questions of law, in fact, exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class, including:

a. Whether Bank of America, Alaska Airlines and/or Horizon Airlines are required to account to Plaintiff and Class members related to the Incentive Program;

b. Whether a book account was created that contains outstanding amounts owed to Plaintiff and Class members;

c. Whether Defendants' failure to pay Plaintiff and Class members amounts owed to them as a result of their participation in the Incentive Program caused damages to Plaintiff and Class members;

d. Whether Defendants have received value for the services provided by Plaintiff's and Class members' participation in the Incentive Program; and

e. Whether Plaintiff and Class members are entitled to recover the reasonable value of the services furnished to Defendants.

52. Typicality: Plaintiff's claims are typical of the claims of members of the Class. Plaintiff, like other members of the Class, participated in the Incentive Program, was subjected to Defendants' practices as set forth above, was never provided with an accounting, and has not been paid for all sums that he is owed.

53. Adequacy of Representation: Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class action litigation.

54. Questions of law or fact common to Class members predominate over any questions solely affecting individual Class members and class action is superior to other available methods for the fair and efficient adjudication of this controversy.

55. Class action treatment will allow a large number of similarly situated Class members to simultaneously and efficiently prosecute their common claims in a

single forum without the needless duplication of effort and expense that numerous individual actions would entail.

56. In addition, a class action will serve the important public interest of permitting Class members harmed by Defendants' unlawful policies and/or practices to effectively pursue recovery of the sums owed to them.

57. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

**FIRST CAUSE OF ACTION**

**FOR AN ACCOUNTING**

**(Against All Defendants On behalf of Plaintiff and the Class)**

58. Plaintiff hereby re-alleges, and incorporates by reference as though set fully forth herein, the allegations contained in paragraphs 1 through 75. This cause of action is pled against all Defendants.

59. The Underlying Contract creates a fiduciary duty on the airlines and Bank of America as respects payments owed to Plaintiff and Class members.

60. The Incentive Program Contracts create a fiduciary duty on the airlines and Bank of America as respects payments owed to Plaintiff and Class members.

61. Plaintiff's and Class members' participation in the Incentive Program also imposes a duty on the airlines and Bank of America as respects payments owed to Plaintiff and Class members.

62. Plaintiff and Class members are not provided with any information regarding submitted applications that Bank of America considers "processed" and/or approved or the amounts that are paid as a result.

63. Plaintiff and Class members simply receive a single line item on their wage statement regarding a lump sum payment (if any), designated as "BofA Visa," that purportedly reflects program payments from applications submitted "approximately two months" prior.

64. As a result of Plaintiff's and Class members' participating in the Incentive Program, some balance is due to Plaintiff and Class members that can only be ascertained by an accounting.

65. As such, the airlines and Bank of America are required to provide an accounting to Plaintiff and Class members.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

## SECOND CAUSE OF ACTION

## COMMON COUNT FOR THE REASONABLE VALUE OF SERVICES RENDERED

**(Against All Defendants On behalf of Plaintiff and the Class)**

66. Plaintiff hereby re-alleges, and incorporates by reference as though set fully forth herein, the allegations contained in paragraphs 1 through 65. This count is against all Defendants.

67. Bank of America, Alaska Airlines and Horizon Airlines have received value and consideration from the services of Plaintiff and Class members as a result of their participation in the Incentive Program, both financially and by obtaining more customers for each of these companies.

68. Defendants Bank of America, Alaska Airlines and Horizon Airlines knowingly accepted this consideration.

69. Plaintiff and the Class members are entitled to receive the reasonable value of these services rendered Defendants at the special instance and request of Defendants in connection with submitted applications and submitted applications which result in the issuance of a credit card to the applicant.

70. Defendants have not paid Plaintiff and Class members for the reasonable value of their services during the Class Period.

71. Defendants are indebted to Plaintiff and Class members for the reasonable value of services rendered, but not paid.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

**THIRD CAUSE OF ACTION**

**COMMON COUNT FOR A BOOK ACCOUNT**

**(Against All Defendants On behalf of Plaintiff and the Class)**

72. Plaintiff hereby re-alleges, and incorporates by reference as though set fully forth herein, the allegations contained in paragraphs 1 through 71. This count is against all Defendants.

73. Within four years last past, a book account was created between Defendants and Plaintiff and Class members as a result of Plaintiff's and Class members' participation in the Incentive Program for Defendants' benefit.

74. Defendants owe money to Plaintiff and Class members on that account.

75. The exact amount of this book account is unknown to Plaintiff who will seek leave to amend this Complaint to state the amount when it has been ascertained.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

A. An order that the action be certified as a class action;

B. An order that Plaintiff be appointed class representative;

C. An order that counsel for Plaintiff be appointed class counsel;

D. An order that Defendants provide an accounting;

E. For all sums owed to Plaintiff and Class members and/or for the reasonable value of services furnished to Defendants by Plaintiff and Class members;

F. An order that Defendants provide the sums owed under the book account relating to the Incentive Program;

G. For interest accrued to date;

H. For attorneys' fees and costs of suit; and,

I. For all such other and further relief that the Court may deem just and proper.

DATED: April 25, 2013

**MARLIN & SALTZMAN, LLP**
**THE CIFARELLI LAW FIRM, LLP**

By: ______________________
Louis M. Marlin, Esq.
Kristen Marquis Fritz, Esq.
Attorneys for Plaintiff and the Class

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury for himself, and all Class members, on all claims so triable.

DATED: April 25, 2013

**MARLIN & SALTZMAN, LLP**
**THE CIFARELLI LAW FIRM, LLP**

By: ______________________
Louis M. Marlin, Esq.
Kristen Marquis Fritz, Esq.
Attorneys for Plaintiff and the Class

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
TERRANCE D. RUTHERFORD

**DEFENDANTS**
FIA CARD SERVICES, N.A. (Bank of America), ALASKA AIRLINES, INC. and HORIZON AIR INDUSTRIES, INC.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Louis M. Marlin, Esq.; Kristen M. Fritz, Esq. (714) 669-4900
Marlin & Saltzman, LLP
3200 El Camino Real, Ste. 100, Irvine, CA 92602

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No ☑ **MONEY DEMANDED IN COMPLAINT: $** in excess of jurisdictional minimu

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Defendants failed to pay all monies due as a result of participation in credit card program. Claims for Accounting, Book Account, & Value of Services Rendered

**VII. NATURE OF SUIT** (Place an X in one box only.)

- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☑ 890 Other Statutory Actions
- ☐ 891 Agricultural Act
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Info. Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus-Alien Detainee
- ☐ 465 Other Immigration Actions

- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 American with Disabilities - Employment
- ☐ 446 American with Disabilities - Other
- ☐ 440 Other Civil Rights

- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus/ Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety /Health
- ☐ 690 Other

- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV13-02934

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): 2:11-cv-04433-DDP (MANx)

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☑ A. Arise from the same or closely related transactions, happenings, or events; or
☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff is a resident of Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | FIA Card Services, N.A., State of Delaware<br>Alaska Airlines, State of Alaska;<br>Horizon Air Industries, State of Washington |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | All counties within the State of California where the Defendants have employees who they have promised monies for credit card applications submitted to Bank of America. |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] Date 4/25/2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Name & Address:
Louis M. Marlin, Esq.; Kristen M. Fritz, Esq.
Marlin & Saltzman, LLP
3200 El Camino Real, Suite 100
Irvine, California 92602

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERRANCE D. RUTHERFORD, individually and on behalf of other similarly situated individuals, PLAINTIFF(S) | CASE NUMBER CV13-02934 DSF (JEMx) |
| v. | |
| FIA CARD SERVICES, N.A. (Bank of America), ALASKA AIRLINES, INC. and HORIZON AIR INDUSTRIES, INC., DEFENDANT(S). | **SUMMONS** |

TO: DEFENDANT(S): FIA CARD SERVICES, N.A. (Bank of America), ALASKA AIRLINES, INC. and HORIZON AIR INDUSTRIES, INC.,

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ ____________ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Louis M. Marlin, Kristen M. Fritz, whose address is 3200 El Camino Real, Suite 100, Irvine, CA 92602. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: APR 25 2013

By: ______________________
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

**CV13- 2934 DSF (JEMx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=======================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[✓] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.